

ATTORNEYS AT LAW

800 Third Avenue
13th Floor
New York, NY  10022

212-471-6200
212-935-1166 (fax)
www.hinshawlaw.com

Fernando C. Rivera-Maissonet
friveraMaissonet@hinshawlaw.com

May 3, 2019

**VIA ECF**
Hon. LaShann DeArcy Hall
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. 4H North
Brooklyn, New York 11201

> ### Re:   *Abraham Kupferstein v. Deutsche Bank National Trust Company, et al., Docket No.: 1:19-cv-01337-LDH-RER*

Dear Judge Hall:

We represent Defendants Deutsche Bank National Trust Company, as Indenture Trustee for Argent Mortgage Loan Trust 2005-W1, Asset-Backed Notes Series 2005-W1 (incorrectly named herein as "Deutsche Bank National Trust Company") ("DBNTC") and Ocwen Loan Servicing LLC ("Ocwen") (Ocwen and DBNTC collectively referred to as "Defendants") in the above-referenced matter.  We write pursuant to your Honor's Individual Rules to request a Pre-Motion Conference to discuss Defendants' intent to file a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss Plaintiff's Complaint.

Plaintiff brings this action under the Fair Debt Collection Practices Act ("FDCPA") claiming that a notice of default, dated January 16, 2019 (the "Notice of Default"), violates the act because it sought to collect on Plaintiff's mortgage loan when the statute of limitations allegedly had expired.  However, Plaintiff's complaint must be dismissed because, aside from failing to plead the necessary elements to support his FDCPA claims, Plaintiff's claim that the statute of limitations had expired when the Notice of Default was sent is, as a matter of law, erroneous.[1]

### Plaintiff's Complaint Fails To Plead The Necessary Facts To Maintain his FDCPA

As an initial matter, Plaintiff's Complaint is defective as it does not plead the elements necessary to maintain his FDCPA claims.  First, the FDCPA only applies to debt collectors, but Plaintiff fails to allege that the Defendants are debt collectors.  It is well-settled that DBNTC is not a debt collector, but a "creditor."  *Houck v. US Bank NA,* No. 15-CV-10042, 2016 U.S. Dist. LEXIS 136033, at *9 (SDNY 2016) (holding that US Bank as Trustee for Citigroup Mortgage

---

[1] Notably, the parties are currently litigating this exact same issue in New York state court where the title owner (a shell company owned by Plaintiff that received title to the property) filed an action to quiet title to discharge the mortgage claiming that the statute of limitations to enforce the mortgage has run.

May 3, 2019
Page 2

Loan Trust 207-AR5 is not a debt collector under the FDCPA), aff'd, 689 F. App'x 662, 664-65 (2d Cir. 2017) ("Because the [d]efendants are 'creditors' seeking to collect debts owed to them, the district court properly concluded that . . . U.S. Bank [is] not [a] 'debt collector[]' within the meaning of the statute."). Similarly, Plaintiff fails to allege that Ocwen, the servicer of Plaintiff's mortgage loan, is a debt collector. *See Qurashi v. Ocwen Loan Servicing,* LLC, 2019 U.S. App. LEXIS 2283 (2d Cir. 2019)(dismissing plaintiff's complaint as the complaint failed to provide any allegations concerning when the loan servicer commenced its servicing duties).

Second, Plaintiff's §1692g claim fails because he does not (and cannot) allege that the Notice is an "initial communication," or that it was made within five days of the "initial communication." *See Burnett v. Mortgage Elec. Registration Sys.,* 706 F.3ed 1231, 1251 (10th Cir 2013)(dismissing claims under 1692g for failure to plead when the "initial communication" was sent); *Hilnes v. HSBC Bank USA*, 2016 U.S. Dist. LEXIS 141651 (SDNY 2016) (same). These deficiencies alone require dismissal of Plaintiff's Complaint.

## The Notice of Default Did Not Misrepresent The Right To Collect

Aside from the above outlined deficiencies in Plaintiff's Complaint which alone require dismissal of Plaintiff's complaint, Plaintiff's § 1692e claim against Defendants is also meritless because the Notice of Default did not misrepresent DBNTC's right to enforce the mortgage loan.

In New York, the statute of limitations to enforce a mortgage loan is six-years and accrues upon acceleration of the mortgage loan. Although a foreclosure action was commenced to collect on the mortgage loan in June 2007 and was dismissed in October 2018, the dismissal of the foreclosure action was due to a failure to appear at a conference. Under CPLR § 205(a), DBNTC had an additional six-months after the dismissal—until April 2019—to commence a new foreclosure action.[2] *See* CPLR § 205(a). As such, when the Notice of Default was sent on January 16, 2019, it accurately represented DBNTC's right to enforce the mortgage loan, requiring dismissal of Plaintiff's FDCPA claims. *See Bank of N.Y. Mellon v. Slavin,* 156 A.D.3d 1073, 67 N.Y.S.3d 328 (3d Dep't 2017) (finding that dismissal for failure to appear at status conference under 22 NYCRR § 202.27 affords plaintiff six-month grace period under CPLR § 205(a) as it was not an exception to the statute); *Franchise Acquisition Group Corp. v. Jefferson Val. Mall Ltd. Partnership*, 73 A.D.3d 1123, 1124 (2d Dep't 2010) (same).[3]

---

[2] In fact, DBNTC duly commenced a new action to foreclose on March 5, 2019.

[3] Additionally, even if the debt was considered time-barred, the Notice statements were not materially deceptive or false. *See Cohen v. Rosicki, Rosicki & Associates*, 897 F.3d 75, 86 (2d Cir. 2017)("The materiality inquiry focuses on whether the false statement would 'frustrate a consumer's ability to intelligently choose his or her response.'")(citations omitted). Plaintiff obtained a dismissal of the 2007 foreclosure action and retained counsel to commence an action to quiet title alleging that the debt was time-barred in May 2018, ***prior to*** receiving the Notice of Default. As such, even assuming *arguendo* that the Notice of Default made a misrepresentation regarding the enforceability of the mortgage loan (it did not) such a misrepresentation was not material because Plaintiff was represented by counsel and could not be "deceived" by the Notice of Default.

May 3, 2019
Page 3

### Plaintiff's GBL § 349 Claim Fails

Plaintiff also claims that Defendants violated GBL § 349 upon the same basis as Plaintiff's FDCPA claims.  As explained above, the statute of limitations had not run when the Notice of Default was sent.  In addition, Plaintiff cannot state a claim under GBL §349 as his claims are merely allegations based on a private contract dispute, which do not impact consumers at large. *See Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014) ("To show that the challenged act or practice was consumer-oriented, a plaintiff must show that it had 'a broader impact on consumers at large': 'Private contract disputes, unique to the parties, for example, would not fall within the ambit of the statute.") (internal citations omitted).

For the above reasons, Defendants request a pre-motion conference to discuss Defendants' intent to file a motion to dismiss. Additionally, the undersigned respectfully requests that any conference be scheduled after May 20, 2019 as the undersigned will be out-of-the office from May 9, 2019 through May 17, 2019.

Respectfully submitted,

HINSHAW & CULBERTSON, LLP
*Attorneys for Defendants DBNTC & Ocwen*

*/s/ Fernando C. Rivera-Maissonet*
Fernando C. Rivera-Maissonet

cc:    *All counsel of record* (via ECF)