LAW OFFICES
## McCABE, WEISBERG & CONWAY, LLC

Error! Main Document Only.SUITE 210  
145 HUGUENOT STREET  
NEW ROCHELLE, NY 10801  
(914)-636-8900  
**GENERAL FAX** (914) 636-8901  
**MEDIATION ONLY FAX** (855) 427-1278

Melissa A. Sposato, NY Managing Attorney  
NY ID 4098323

SUITE 2S09  
1 HUNTINGTON QUADRANGLE  
MELVILLE, NY 11747  
(631) 812-4084  
FAX: (855) 845-2584

May 8, 2019

The Honorable LaShann DeArcy Hall  
United States District Court for the Eastern District of New York  
225 Cadman Plaza East, Ctrm 4H North  
Brooklyn, New York 11201

Re: Kupferstein v. Deutsche Bank National Trust Company, *et al.*  
Docket No. 19-cv-01337-LDH-RER  
Request for Pre-Motion Conference

Dear Judge Hall:

McCabe, Weisberg & Conway, LLC ("MWC") is a defendant in the above-referenced action and this letter is submitted to the Court pursuant to Your Honor's Individual Practices Rule III(A)(1). MWC respectfully requests leave of the Court to bring a motion seeking the dismissal of plaintiff's complaint pursuant to FRCP Rule 12(b), along with an award of defendant's costs and attorneys' fees, or, should the Court be disinclined to grant defendant's FRCP Rule 12(b) motion, for an extension of time to answer plaintiff's complaint pursuant to FRCP Rule 6(b); along with such other and further relief as this Court deems just.

Defendant MWC, in the contemplated motion, will seek the dismissal of plaintiff's complaint because plaintiff, in asserting his Fair Debt Collection Practices Act and NY General Business Law § 349 claims, completely ignored the affect of CPLR § 205(a) upon plaintiff's asserted clams. Plaintiff's claims are premised upon plaintiff's assertion that the Statute of Limitations (CPLR § 213(4)) expired on some unidentified date before January 9, 2013 and, consequently, MWC violated the FDCPA by sending plaintiff a letter falsely stating that the mortgage debt was $1 ,4333,078.69 as of January 11, 2019because the mortgage debt was time barred by the statute of limitations [complaint ¶¶ 26, 27, 29, 33, 34, 35, 36, 37, 39].

However, CPLR § 205(a) provided defendant Deutsche Bank with a six-month window to commence another foreclosure action, which statute defendant Deutsche Bank complied with, and, consequently, defendant Deutsche Bank's and MWC's commencement of a new foreclosure action on May 5, 2019 was not barred by CPLR § 213(4). See, Bank of N.Y. Mellon v Slavin, 156 A.D.3d 1073, 67 N.Y.S.3d 328 (3rd Dept 2017) (although bank's second foreclosure action was commenced more than six years beyond the acceleration of the debt, the bank's second action was timely because the action was commenced in August 2015, well within the six-month period provided in CPLR § 205(a)); Snodgrass v Professional Radiology, 50 A.D.3d 883, 855 N.Y.S.2d 243 (2nd Dept 2008) (Administrator was entitled to the benefit of the six-month extension provision of CPLR § 205(a) despite the delay in administrator's efforts to obtain the letters of administration).

McCabe, Weisberg & Conway, LLC
To: The Honorable LaShann DeArcy Hall
Re: Kupferstein v. Deutsche Bank National Trust Company, *et al.*
   Docket No. 19-cv-01337-LDH-RER
May 8, 2019

In this case, the Order dismissing the prior 2007 foreclosure action issued on November 5, 2018 and plaintiff served Notice of Entry of said Order on November 13, 2018. Defendant Deutsche Bank commenced the new foreclosure action on March 5, 2019, based upon the same transaction or occurrence as the prior 2007 foreclosure action was based upon, plaintiff's March 1, 2007 default under the note and mortgage dated January 27, 2005, and service of process upon plaintiff in the 2019 action was completed on March 30, 2019, well within the six-month period specified in CPLR § 205(a). Consequently, MWC's mailing of the January 9, 2019 letter (Exhibit A to plaintiff's complaint) and defendant Deutsche Bank's mailing of the January 16, 2019 Notice of Default (Exhibit B to plaintiff's complaint), as well as the commencement of the new foreclosure action on March 5, 2019, were all entirely proper and performed in full accordance with the laws of New York State. Consequently, neither Deutsche Bank nor MWC violated the FDCPA.

Similarly, CPLR § 205(a) also renders plaintiff's state court clam of violation of GBL § 349 unavailing, since all of the complained-of acts were performed in accordance with New York State law.

Furthermore, the allegedly "false and misleading statements" contained in the January 9, 2019 letter sent to plaintiff by MWC [exhibit A to plaintiff's complaint] were not material, as said letter did not seek the collection of any debt and the representations contained in said letter did not mislead plaintiff.

First, MWC's January 9, 2019 letter did not seek the collection of any debt and, consequently, cannot be considered an attempt to collect a debt. A threshold requirement for application of the Fair Debt Collection Practices Act is that the prohibited practices are used in an attempt to collect a "debt." A communication is used in an attempt to collect a debt where it clearly demands payment in satisfaction of a debt. <u>Gorbaty v. Portfolio Recovery Assocs., LLC</u>, 355 Fed. Appx. 580, 2009 U.S. App. LEXIS 26747, 105 A.F.T.R.2d (RIA) 2010-1476 (3rd Cir 209). In absence of threat of litigation or actual litigation, no violation of FDCPA has occurred when debt collector attempts to collect on potentially time-barred debt that is otherwise valid. <u>Freyermuth v Credit Bureau Servs.</u>, 248 F3d 767, 45 UCCRS2d 811 (8th Cir 2001); <u>Walker v Cash Flow Consultants, Inc.</u>, 200 FRD 613 (NDIL 2001). the statement in defendant's letter that it was attempt to collect debt was required by 15 USCS § 1692e(11) and could not be viewed as threatening lawsuit. <u>Huertas v Galaxy Asset Mgmt.</u>, 641 F3d 28 (3rd Cir 2011).

Second, prior to the mailing of MWC's January 9, 2019 letter, plaintiff had commenced a RPAPL Article 15 action in Westchester County Supreme Court under Index No. 58125/2018 on May 21, 2018, seeking to discharge the lien of Deutsche Bank's mortgage based upon plaintiff's assertion that the Statute of Limitations on the mortgage debt had expired. Therefore, the contents of MWC's January 9, 2019 letter, even if the statements contained therein were inaccurate, did not mislead plaintiff in any way, as plaintiff had already undertaken efforts to have the mortgage lien discharged of record.

McCabe, Weisberg & Conway, LLC
To: The Honorable LaShann DeArcy Hall
Re: Kupferstein v. Deutsche Bank National Trust Company, *et al*.
   Docket No. 19-cv-01337-LDH-RER
May 8, 2019

Statements must be materially false or misleading to be actionable under the FDCPA and "… The materiality inquiry focuses on whether the false statement would "frustrate a consumer's ability to intelligently choose his or her response." *Donohue*, 592 F.3d at 1034. As we have explained, "[o]ur case law demonstrates that communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection, violate the FDCPA." *Gabriele*, 503 F. App'x at 94. …" Cohen v. Rosicki, Rosicki & Assocs., P.C., 897 F.3d 75, 2018 U.S. App. LEXIS 20410 (2nd Cir 2018). "… Here, the statement in the Complaint did not undermine Donohue's ability to intelligently choose her action concerning her debt. …" Donohue v. Quick Collect, Inc., 592 F.3d 1027, 2010 U.S. App. LEXIS 772 (9th Cir 2010).

In addition, even if MWC's reliance on CPLR § 205(a) was misplaced and CPLR § 205(a) was inapplicable to the facts of this case, plaintiff would still not be entitled to any of the relief sought herein because MWC's violation of the FDCPA was unintentional and resulted from a bona fide error, as MWC researched the application of CPLR § 205(a) to this case before the 2019 foreclosure action was commenced.

For purposes of bona fide error defense, debt collector must only show that violation was unintentional, not that communication itself was unintentional. Lewis v ACB Bus. Servs., 135 F3d 389, 39 FR Serv 3d 1376, 1998 FED App 39P (1998, CA6 Ohio), *reh, en banc, den* (1998, CA6) 1998 US App LEXIS 7698 (*criticized in* Evory v RJM Acquisitions Funding L.L.C., 505 F3d 769 (2007, CA7 Ind)). See also, Frye v Bowman, 193 F Supp 2d 1070 (2002, SD Ind). Attorney and law firm were entitled to summary judgment as to credit card holder's action alleging violations of Fair Debt Collection Practices Act, 15 USCS §§ 1692d, 1692e, and 1692f, because attorney and firm met their burden to show bona fide error defense under 15 USCS § 1692k by proving that any violation was not intentional in that they had researched limitations issue before filing suit. Pescatrice v Orovitz, 539 F Supp 2d 1375 (2008, SD Fla).

In light of the foregoing, defendant MWC respectfully requests that the Court schedule a pre-motion conference and/or grant defendant leave of Court to bring a motion seeking the dismissal of plaintiff's complaint pursuant to FRCP Rule 12(b).

Yours truly,
McCabe, Weisberg & Conway, LLC

_____/S/_____
Edward Rugino (ER8769)
*Defendant Pro se*
1 Huntington Quadrangle, Suite 2S09
Melville, NY 11747
Tel. (631) 812-4084
ERugino@mwc-law.com