**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

ABRAHAM KUPFERSTEIN,

                Plaintiff,

-against-

DEUTSCHE BANK NATIONAL TRUST
COMPANY, As Indenture Trustee for Argent
Mortgage Loan Trust 2005-W1, Asset-Backed
Notes Series 2005-W1;
McCABE, WEISBERG & CONWAY, LLC.;
OCWEN LOAN SERVICING, LLC;

                Defendants.
------------------------------------------------------------x

Docket # 1:19-cv-01337-LDH-RER

**AMENDED COMPLAINT AND COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, ABRAHAM KUPFERSTEIN, by way of his complaint alleges the following:

## INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1962 ("FDCPA"), and the New York Deceptive Acts and Practices law, General Business Law § 349. These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION AND VENUE

2.  Jurisdiction is premised on 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue is premised on 28 U.S.C. §1391 in that the conduct complained of occurred within the territorial jurisdiction of this Court.

-1-

## **PARTIES**

3. Plaintiff is a natural person who resides in Kings County, State of New York.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

5. Upon information and belief, Defendant OCWEN LOAN SERVICING, LLC; ("Ocwen") foreign business corporation, with its principal executive office at 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

6. Upon information and belief McCABE, WEISBERG & CONWAY, LLC, ("McCabe") is a law firm with its primary place of business located at 1 Huntington Quadrangle 2S09 Melville, NY 11747 and 145 Huguenot Street, Suite 210, New Rochelle, NY 1081.

7. Upon information and belief, that at all times hereinafter mentioned Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, As Indenture Trustee for Argent Mortgage Loan Trust 2005-W1, Asset-Backed Notes Series 2005-W1 (hereinafter "Deutsche Bank"), was and is a corporation that conducted business within the State of New York.

8. Plaintiff alleges, upon information and belief that Defendants regularly collect or attempt to collect consumer debts owed or due or asserted to be owed or due another, and that the principal purpose of each of Defendants' business is debt collection, i.e. that more than half of Defendants' respective revenues derive from debt collection.

9. Upon information and belief each Defendant is a "debt collector" under 15 U.S.C. 1692a because each Defendant regularly uses the mail, telephone and/or other instrumentality of interstate commerce to attempt to collect, directly or indirectly, defaulted consumer debt that it did not originate.

10. Upon information and belief each Defendants Deutsche Bank and Ocwen are "debt collector" under 15 U.S.C. 1692 because on information and belief they acquired Plaintiff's consumer debt after it went into default.

11. Upon information and belief, Ocwen and Deutche Bank control McCabe's collection activities, such that there exists principal-agent relationship between (a) Ocwen and McCabe and (b) Deutche Bank and McCabe respectively

12. Upon information and belief Ocwen controls Deutche Bank's collection activities such that there exists principal-agent relationship between Ocwen and Deutche Bank.

13. Upon information and belief Deutche Bank controls Ocwen's collection activities such that there exists principal-agent relationship between Deutche Bank and Ocwen.

## STATEMENT OF FACTS

14. On or about January 27, 2005, Argent Mortgage Company, LLC, allegedly entered into a mortgage agreement with Plaintiff Abraham Kupferstein, in the principal amount of $540,000.00, to purchase the property located at 85 Surrey Drive, New Rochelle, NY 10804, Section: 7, Block: 2989, Lot: 28 (hereinafter "Subject Property").

15. The alleged mortgage agreement is a "debt" as defined by 15 U.S.C. §1692a(5).

16. On or about May 27, 2007, Argent Mortgage Company, LLC assigned its interest in the Mortgage to Defendant Deutsche Bank.

17. On or about June 28, 2007, Deutsche Bank commenced a foreclosure action in the Westchester County Supreme Court under index no: 11735/2007 ("2007 Foreclosure Action").

18. It was not until August 8, 2016, where Deutsche Bank was able to obtain

an order of reference.

19. On August 17, 2017, the Foreclosure Action was dismissed by order of the Hon. Nicholas Colabella of the Westchester County Supreme Court Trial Ready Part. A motion to vacate this dismissal was also denied.

20. On or about August 7, 2018, Deutsche Bank filed another motion to vacate the dismissal. On or about September 13, 2018, this motion was granted.

21. Defendant Abraham Kupferstein (Plaintiff in the current action), then moved to re-argue the Court's granting of Deutsche Bank's motion to vacate the dismissal.

22. On October 18, 2018, upon reargument, the Westchester Supreme Court reversed its prior decision and granted Kupferstein's motion to reargue and denied Deutsche Bank's application to restore the matter to the calendar, thus effectively, reinstating the dismissal and disposing of the case.

23. During this time, Deutsche Bank failed to de-accelerate their mortgage.

24. On May 21, 2018, nonparty 85 Surrey Drive LLC, the current holder of title of the Subject Property, filed a quiet title action with respect to the Subject Property in Westchester County Supreme Court under index no: 58125/2018.

25. It should be noted that there is a pending motion for summary judgment in the Quiet Title Action as well.

26. On or about July 2, 2018, only after a Quiet Title Action had been commenced with respect to the Subject Property, did Deutsche Bank deem it necessary to file the instant motion to vacate its prior dismissal.

*b. FDCPA Violations*

27. On or about January 9, 2019, three months after the Foreclosure Action was dismissed and **over five years after the expiration of the six-year statute of limitations,** Defendant McCabe Weisberg sent Plaintiff a letter falsely stating that the mortgage on the mortgage debt on the Subject Property was '$1,4333,078.69 as of January 11, 2019.

28. On or about January 16, 2019, three months after the Foreclosure Action was dismissed and **over five years after the expiration of the six-year statute of limitations,** Defendant Ocwen sent a letter to Plaintiff stating in big block letters:

# NOTICE OF DEFAULT

29. The letter further falsely stated:

Mortgage payments on the above referenced account are past due, which has caused a default under the terms of the Mortgage or Deed of Trust (hereinafter, "Security Instrument"). As of **01/16/2019**, the following amounts are past due:

| | |
|---|---|
| Principal and Interest | $526,696.90 |
| Interest Arrearage | $0.00 |
| Escrow | $432,200.56 |
| Late Charges | $2,456.44 |
| Insufficient Funds Charges | $0.00 |
| Fees / Expenses | $23,910.21 |
| Suspense Balance (CREDIT) | $331.60 |
| Interest Reserve Balance (CREDIT) | $0.00 |
| **TOTAL DUE** | **$984,932.51** |

30. On March 5, 2019, **over five years after the expiration of the six-year statute of limitations** Defendants Deutsche Bank and McCabe instituted another foreclosure action.

## FIRST CAUSE OF ACTION
(Violation of Fair Debt Collection Practices Act)

31. Plaintiff repeats and realleges and incorporated all the allegations made in paragraphs 1 through 30 as if fully set forth herein.

32. Letters akin to those sent by Defendants are to be evaluated under the "unsophisticated consumer" standard.

33. Defendants McCabe Weisberg and Ocwen violated the following provisions of the FDCPA:

   a. 15 U.S.C. § 1692e, by using false and deceptive representations in connection with the collection of the debt claimed to be owed by Plaintiff;

   b. 15 U.S.C. § 1692e, by misrepresenting the character, amount, or legal status of the asserted debt.

34. As a result of Defendants false and misleading statements wrongfully claiming that the mortgage was still outstanding mere months after the Westchester Supreme court declined to restore the previously dismissed Foreclosure Action, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

35. As a result of Defendant McCabe's January 9, 2019, letter which was barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

36. As a result of Defendant McCabe's material misrepresentations concerning the legal status and enforceability of the alleged debt, Plaintiff reasonably believed that Defendants

would attempt to again improperly foreclose on his property and that he ran the risk of losing his property.

37. As a result of Defendant Ocwen's January 16, 2019, letter which was barred by the statute of limitations, Plaintiff has suffered and continues to suffer severe emotional distress and anxiety.

38. As a result of Defendant Ocwen's material misrepresentations concerning the legal status and enforceability of the alleged debt, Plaintiff reasonably believed that Defendants would attempt to again improperly foreclose on his property and that he ran the risk of losing his property.

39. Defendant Ocwen further violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692g, by failing to include in their notice a statement that that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and

    b. 15 U.S.C. §1692g, by failing to include in their notice a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    c. 15 U.S.C. §1692g, by failing to include in their notice a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

40. Specifically, Defendant Ocwen's January 16, 2019, letter fails to identify the Plaintiff's current creditor.

41. Defendant Ocwen's letter is on Ocwen letterhead but fails to make any mention or identify in any fashion, either the current creditor or the original creditor.

42. By instituting the foreclosure action on March 5, 2019, Defendants McCabe and Deutshe bank are taking an action that is prohibited by 15 U.S.C. 1692e.

43. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such information clearly. Mere allusions to the creditor's identity are insufficient. The Letter must specifically and clearly identify the creditor of the collection account.

**44.** Defendants are therefore liable to Plaintiff for actual, statutory, and as well as reasonable costs and attorneys' fees.

### SECOND CAUSE OF ACTION
(Violation of the General Business Law)

45. Plaintiff repeats and realleges and incorporated all the allegations made in paragraphs 1 through 44 as if fully set forth herein.

46. General Business Law section 349 prohibits the use of deceptive or unfair practices in connection with the collection of debts.

47. Defendants Ocwen and McCabe, engaged in deceptive conduct in the collection of debts.

48. This deceptive conduct included sending notices which intentionally misrepresented the legal status of the debt and falsely claimed that Plaintiff was in default of his mortgage despite the fact the Westchester Supreme Court had, only months before, declined to

-8-

restore the Foreclosure Action AND there was a pending motion for summary judgement in the Quiet Title Action.

49. This conduct was materially deceptive and Plaintiff has suffered actual injury as a result.

**50.** Plaintiff is entitled to damages and attorneys' fees as a result of Defendants' violation of GBL § 349.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests this Court to:

a. Award actual damages in an amount to be determined at trial;

b. Award statutory damages as set forth above;

c. Award reasonable attorney's fees, costs and disbursements; and

d. Award such other and further relief as this Court may deem just and proper

Date: May 14, 2019
Kew Gardens, New York

> Yours etc.,
> SHIRYAK, BOWMAN, ANDERSON, GILL &
> KADOCHNIKOV, BOWMAN LLP
>
> /s/Alexander Kadochnikov
> Alexander Kadochnikov, Esq.
> Attorneys for Plaintiff
> 8002 Kew Gardens Rd., Ste. 600
> Kew Gardens, NY 11415
> 718-577-3261
> alexander@gklawfirm.net
> Counsel for Plaintiff ABRAHAM KUPFERSTEIN