

Alexander Shiryak, Esq.
Dustin Bowman, Esq.
Mark Anderson, Esq.
Navpreet K. Gill, Esq.
Alexander Kadochnikov, Esq.

80-02 Kew Gardens Road, Suite 600, Kew Gardens, New York
Tel: (718)-577-3261    Fax: (718)-744-2455

May 31, 2019

<u>Via ECF</u>

Hon. LaShann DeArcy Hall
United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Rm. 4H North
Brooklyn, New York 11201

Re:   <u>Abraham Kupferstein v. Deutsche Bank National Trust Company, et al., Docket No.: 1:19-cv-01337-LDH-RER</u>

Dear Judge Hall,

This firm represents the Plaintiff Abraham Kupferstein ("Kupferstein") in the above-captioned matter.

Plaintiff is planning to oppose all Defendants' motions to dismiss.

This letter is in response to Defendant's Deutsche Bank Naional Trust Company, As Indenture Trustee for Argent Mortgage Loan Trust 2005-W1, Asset-Backed Notes Series 2005-W1 ("DBNTC"); Defendant's Ocwen Loan Servicing LLC ("OCWEN"); and Defendant's McCabe, Weisberg, & Conway LLC ("MWC") requests for a pre-motion conference.

Defendants' arguments boil down to the following: (1) DBNTC is a "creditor" and is therefore exempt from liability under the Federal Debt Collections Practices Act ("FDCPA"); (2) Plaintiff's 1692g claim fails because Plaintiff does not allege that the Notice is an initial communication; and (3) Plaintiff's General Business Law 349 ("GBL 349") claim fails because Plaintiff does not allege consumer-oriented conduct.

GBL 349 claim does not fail because Plaintiff properly alleges consumer oriented behavior.

For the reasons set forth below, we respectfully submit that Defendants' motion for pre-motion conference should be denied.

1

I.      **Defendants are debt collectors and therefore not exempt from liability under the FDCPA.**

The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts" 15 U.S.C. 1692a(6).

First, it is not established that DBNTC is a "creditor". In its Complaint, Kupferstein alleged that "the principal purpose of each of Defendants' business is debt collection, i.e. that more than half of Defendants' respective revenues derive from debt collection." (Compl. ℙ 8.). A "debt purchaser" who meets the "principal purpose" definition of FDCPA may be liable under FDCPA. Tepper v. Amos Fin., LLC, 898 F.3d 364, 370-71 (3d Cir. 2018); Bradley v. Selip & Stylianou, LLP, 2018 U.S. Dist. LEXIS 176768 (W.D.N.Y. October 15, 2018)

Defendants argue that an entity collecting its own debt is considered a creditor regardless of the status of the debt when they acquired it. In fact, the status of the debt is relevant to whether or not a servicer or assignee is considered a "debt collector". Under FDCPA, "the classification of debt collector depends upon the status of a debt, rather than the type of collection activities used." Alibrandi v. Fin. Outsourcing Servs., 333 F.3d 82, 86 (2d Cir. 2003). This Court has held a "mortgage servicer is a 'debt collector' within the meaning of FDCPA if the mortgage was in default at the time the servicer began servicing the debt." Zirrogiannis v. Seterus, Inc., 221 F. Supp.3d 292, 302 (E.D.N.Y. 2016).

Third, more information is needed to know whether or not the defendants are considered creditors under FDCPA. Although the defendants claim that they are creditors, it is necessary to proceed to discovery in order to properly classify the defendants as such.

In regards to defendants second claim, the notice is a violation of 1692e regardless of whether or not the notice is considered an "initial communication" under the FDCPA.

**II. The Notice of Default misrepresented the defendant's right to collect.**

On August 17, 2017 Westchester Supreme Court dismissed the original foreclosure bearing an index 11735/2007 for nonappearance. # action for nonappearance, on August 17, 2017. DBNTC, nearly a year after the action's dismissal, and several weeks after the commencement of a quiet title action on the property, moved to vacate the dismissal of August 17, 2017 dismissal order. On or about September 13, 2018, the DBNTC's motion to vacate dismissal was granted, but was then superseded by a motion to reargue, on October 18, 2018, which reversed the prior order and effectively upheld the August 17, 2017 dismissal.

In effect, the Westchester Supreme Court's order vacating dismissal in the foreclosure action on September 13, 2018 was rendered a nullity by the motion to reargue. By granting the motion to reargue, the Westchester Supreme Court's order effectively upheld the August 17, 2017 dismissal and rendered the September 13, 2018 order a nullity. Thus, the date used for CPLR 205 calculations is August 17, 2017.

No foreclosure action was commenced within six months of the dismissal of the foreclosure case on August 17, 2017, nor does any Defendant allege that one was commenced during that time frame. As such, a new foreclosure action should have been commenced on or before February 17, 2018, and Defendant DBNTC failed to do so.

As DBTNC accelerated the balance of the mortgage on June 28, 2007, the statute of limitations began to run at that point. It expired six years later, on June 28, 2013. When the foreclosure action was dismissed on August 17, 2017, DBNTC had an additional six months from this date, under CPLR 205, to commence a new foreclosure action and they did not.  Since they did not, the Foreclosure action commenced by Defendant DBTNC on March 5, 2019 is barred by the six-year statute of limitations in New York State. The mortgage is uncollectible.

Since the mortgage is uncollectible, by starting the second foreclosure action, DNTBS and OCWEN mischaracterized the character of the debt, thus violating the FDCPA.

### III. Plaintiff's GBL 349 Claim

GBL 349 requires a plaintiff to allege that the defendant has engaged in (1) consumer oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice. City of New York v. Smokes-Spirits.com, Inc., 12 N.Y.3d 616, 621 (2009).

As seen in the amended complaint, Plaintiff has satisfied all three prongs. First, defendants' conduct was consumer oriented because the deceptive letters at issue were issued in connection with a mortgage. Secondly, the Notice was materially misleading because defendants did not have a right to collect the debt.  Third, Plaintiff has suffered an actual injury under GBL 349 as a result of the deceptive notices. Because the statute of limitations for a claim under GBL 349 is three-years, the January 2019 notices are within the statutory period. See Gaidon v. Guardian Life Ins. Co. of America, 96 N.Y.2d 201 (2001)

The Defendants collectively argue that the claims under the Federal Debt Collection Practices Act ("FDCPA") lawsuit should be dismissed because (I) the defendants are not debt collectors within the definition of the FDCPA and are therefore exempt from liability; (II) the notice of default did not misrepresent the right to collect the debt. Furthermore, defendants collectively argue that Plaintiff's claim under GBL 349 fails.

For reasons stated herein, Plaintiff respectfully requests this Honorable Court to deny Defendants' motion to dismiss the action in entirety.

Sincerely,

/s/Alexander Kadochnikov

Alexander Kadochnikov