UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ABRAHAM KUPFERSTEIN,

                Plaintiff(s),

-against-

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE FOR ARGENT MORTGAGE LOAN TRUST 2005-W1, ASSET-BACKED NOTES SERIES 2005-W1; MCCABE, WEISBERG & CONWAY, LLC; OCWEN LOAN SERVICING, LLC;

                Defendant(s).

Docket No. 1:19-cv-01337-LDH-RER

**MEMORANDUM OF LAW IN FURTHER SUPPORT
OF DEFENDANTS DBNTC & PHH'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**



*Attorneys for Defendants DBNTC & PHH*
**800 Third Avenue, 13th Floor
New York, New York 10022
Telephone (212) 471-6200
Facsimile (212) 935-1166**

304303589v1 1018688

# **TABLE OF CONTENTS**

TABLE OF CONTENTS..................................................................................................................i

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

    POINT I
    DEFENDANTS DEMONSTRATED THAT PLAINTIFF FAILED TO
    ESTABLISH A CLAIM UNDER § 1692e............................................................................ 1

        1.      The Kupferstein Loan Is Not Time-Barred.................................................. 2

        2.      Plaintiff Failed to Allege A Material Misrepresentation ............................ 4

    POINT II
    PLAINTIFF FAILED TO STATE A CLAIM BASED UNDER § 1692g......................... 5

CONCLUSION............................................................................................................................... 6

# **TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Bank of N.Y. Mellon v. Slavin*,
 156 A.D.3d 1073, 1075 (3d Dep't 2017) ...............................................................................3

*Carlin v. Davidson Fink LLP*,
 852 F.3d 207 (2d Cir. 2017)...................................................................................................6

*Cohoes Hous. Auth. v. Ippolito-Lutz, Inc.*,
 65 A.D.2d 666, 667 (3d Dep't 1978) .....................................................................................2

*Cohen v. Rosicki, Rosicki & Associates,*
 897 F.3d 75, 86 (2d Cir. 2017) ...............................................................................................4

*Dunham v. Wig*,
 295 A.D.2d 309, 310 (2d Dep't 2002) ................................................................................2, 6

*Haber v.Telson,*
 4 A.D.2d 677, 677 (2d Dep't 1957) ...................................................................................2, 6

*Hayles v. Aspen Props. Grp.,*
 LLC, 2017 U.S. Dist. LEXIS 133388 (SDNY 2017) ............................................................6

*James v. Powell,*
 30 A.D.2d 340, 341 (1st Dep't 1968) ....................................................................................2

*Jelinek v. City of New York,*
 25 A.D.2d 425, 425 (1st Dep't 1966) ....................................................................................2

*Lehman Bros. v. Hughes Hubbard & Reed, L.L.P.*
 92 N.Y.2d 1014, 1016 (1998) ................................................................................................2

**Statutes**

CPLR § 205(a) ..............................................................................................................................2, 3

CPLR § 3211(a)(4) ............................................................................................................................4

CPLR § 5015(a)(1) ............................................................................................................................3

Section 1692e of the FDCPA....................................................................................................1, 3, 4

22 NYCRR § 202.27....................................................................................................................2, 3

**Other Authorities**

FRE § 201(b)..................................................................................................................................5

Rule 12(b)(6) of the Federal Rules of Civil Procedure....................................................................1

304303589v1 1018688

## PRELIMINARY STATEMENT

Defendants Deutsche Bank National Trust Company, as Indenture Trustee for Argent Mortgage Loan Trust 2005-W1, Asset-Backed Notes Series 2005-W1 ("DBNTC") and PHH Mortgage Corporation successor by merger to Ocwen Loan Servicing, LLC ("PHH") (PHH and DBNTC collectively referred to as "Defendants DBNTC & PHH") by its attorneys, Hinshaw & Culbertson LLP, respectfully submit this Memorandum of Law in further support of its Motion for an Order pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for dismissal of this action.

Plaintiff's responsive papers failed to rebut Defendants DBNTC's & PHH's *prima facie* showing of entitlement to dismissal of this action. As such, the Court should grant Defendants DBNTC's & PHH's Motion and dismiss Plaintiff's action *with prejudice.*

## ARGUMENT

### POINT I

### DEFENDANTS DEMONSTRATED THAT PLAINTIFF FAILED TO ESTABLISH A CLAIM UNDER § 1692E

Defendants DBNTC's & PHH's moving papers demonstrated that Plaintiff failed to establish a claim under Section 1692e of the FDCPA. The statute of limitations on DBNTC's mortgage debt has not expired, and, even assuming, *arguendo*, that the Notice of Default or the 2019 Foreclosure Action made a misrepresentation regarding the enforceability of the mortgage loan (they did not), such a misrepresentation could not be material. DBNTC's debt is not time-barred and Defendants' interpretation of the savings statute and its applicability are contrary to the applicable case law. As such, this Court should disregard Plaintiff's baseless opposition papers and grant Defendants DBNTC's & PHH's motion to dismiss pursuant to Rule 12(b)(6).

1.     **The Kupferstein Loan Is Not Time-Barred**

The relevant facts in the 2007 Foreclosure Action are undisputed by the parties. The action was dismissed on August 17, 2017 (the "2017 Dismissal Order"), DBNTC then moved within a year to vacate the dismissal and the action was restored on August 7, 2018 (the "Restoration Order"). Thereafter, Plaintiff moved to re-argue the Court's prior determination and the Court then reversed its decision and dismissed the action on October 18, 2018 (the "Dismissal Order"). However, Plaintiff boldly argues that the Dismissal Order somehow altered the timeline, retroactively terminating the action on the date of the 2017 Dismissal Order, and that because the 2017 Dismissal Order was issued *sua sponte*, the savings statute pursuant to CPLR § 205(a) is inapplicable here. These arguments are unsupported by any applicable case law or the facts herein, and thus, should be rejected by this Court.

First, nowhere in Plaintiff's responsive papers does he submit a single case that supports a retroactive application of a dismissal of an action *after an action is restored* and later dismissed due to a granting of a motion to reargue, which are the facts before this Court. Second, Plaintiff's cases supporting his argument that the savings statute does not apply here, are all distinguishable and inapposite to the facts herein.[1] Therefore, the Court should reject Plaintiff's entire baseless argument.

---

[1] *Lehman Bros. v. Hughes Hubbard & Reed, L.L.P.* 92 N.Y.2d 1014, 1016 (1998)(Court of Appeals analyzed termination of an action in the context of appeals, not a granting of a motion to restore on notice and a subsequent dismissal of the action after granting a motion to reargue); *Cohoes Hous. Auth. v. Ippolito-Lutz, Inc.*, 65 A.D.2d 666, 667 (3d Dep't 1978) (Appellate Division found that CPLR § 205(a) did not apply because the termination date was based on a denial of a motion for discretionary appeal to the Court of Appeals, which are not the facts before this Court); *Jelinek v. City of New York*, 25 A.D.2d 425, 425 (1st Dep't 1966) (Appellate Division found the savings statute did not apply due to a statutory exception. Also, the action was dismissed for failure to pick a jury, not for failure to appear under 22 NYCRR § 202.27, which allows the filing of a motion pursuant to CPLR § 5015(a)(1).); *Haber v. Telson*, 4 A.D.2d 677, 677 (2d Dep't 1957) (action dismissed for failure to pick a jury; no discussion whatsoever of the applicability of CPLR § 205(a)); *James v. Powell* 30 A.D2d 340, 341 (1st Dep't 1968) (Appellate Division found that no appeal lies in a *sua sponte* Order, but considered denial of motion to vacate *sua sponte* Order and affirmed denial); *Dunham v. Wig*, 295 A.D.2d 309, 310 (2d Dep't 2002) (No discussion whatsoever of the

2

Indeed, as argued in Defendants DBNTC's & PHH's moving papers, the facts in *Bank of N.Y. Mellon v. Slavin* are analogous to the facts before this Court. In *Slavin*, the Third Department (a New York Appellate Court) found that the savings statute allowed the foreclosure plaintiff to commence a new action within six months of the dismissal of the prior foreclosure action. The *Slavin* Court found that because a prior foreclosure action was dismissed for failure to appear pursuant to 22 NYCRR § 202.27, that plaintiff was statutorily authorized to move under CPLR § 5015(a)(1) to vacate the dismissal and restore the action. The Court held that for the purposes of CPLR § 205(a), the lawsuit only terminated *after* the motion to vacate the dismissal was denied and the appeal unsuccessful – granting the Plaintiff six months to commence a new action. In fact, contrary to Plaintiff's specious arguments, the Court found that it is "procedurally and logically unsound to deem the *sua sponte* dismissal a 'termination' because success in the motion court or upon appeal would reinstate the original action." *See Bank of N.Y. Mellon v. Slavin*, 156 A.D.3d 1073, 1075 (3d Dep't 2017). The *Slavin* Court's reasoning applies here; the 2007 Foreclosures Action was reinstated when the Court granted the motion to restore. After the action was dismissed, DBNTC's new action was timely as it was statutorily afforded six months to commence a new action.

Plaintiff's bold suggestion that this Court disregard the well-reasoned decision by a New York Appellate Court interrupting a New York statute without citing to any legal authority makes little sense. Also, Plaintiff's hypothetical argument that the statute of limitations was eliminated by *Slavin* is contrary to the facts in this case and in *Slavin*. In both cases, the parties timely filed (within a year) statutorily-authorized motions pursuant to CPLR § 5015(a)(1) to

---

savings statute or that "CPLR 205 protection is not extended when the Plaintiff files a motion to vacate and it is denied." (*See Kdochikov* Memorandum of Law, at p.9)).

3

restore the action and new foreclosure actions were commenced within six months of the termination of the action. This was not a decade-long delay as Plaintiff suggests in his hypothetical facts. Therefore, Plaintiff's arguments should be rejected.

Plaintiff does not dispute - because he cannot - that he had already formulated his erroneous argument that his debt was allegedly "unenforceable" prior to receiving the 2019 default notice and the filing of the 2019 Foreclosure Action. Thus, he could not be "deceived" by them. Specifically, Plaintiff had already transferred his interest in the Mortgaged Premises to 85 Surrey Drive LLC. He then retained counsel who, *approximately eight months prior* to Plaintiff's receipt of the 2019 default notice and filing of the 2019 Foreclosure Action, commenced an action to discharge the Kupferstein Loan alleging the Kupferstein Loan was time-barred. As such, even assuming, *arguendo*, that the default notice or the 2019 Foreclosure Action made a misrepresentation regarding the enforceability of the mortgage loan because the statute of limitations had expired (it did not), such a misrepresentation could not be material. Plaintiff has been represented by counsel, who has been actively litigating the statute of limitations issue long before Plaintiff's receipt of the 2019 default notice and commencement of the 2019 Foreclosure Action. As such, the Plaintiff's 1692e claim should be dismissed.

### 2. Plaintiff Failed to Allege A Material Misrepresentation

Plaintiff's complaint should be dismissed because, as a matter of law, the statute of limitations has not expired. Even assuming *arguendo* that the statute of limitations had expired, Plaintiff's FDCPA claim still fails. In order for a statement to be actionable under § 1692e, the statement must be materially deceptive or false. *See Cohen v. Rosicki, Rosicki & Associates*, 897 F.3d 75, 86 (2d Cir. 2017)("statements must be materially false or misleading to be actionable under the FDCPA."). Additionally, "[t]he materiality inquiry focuses on whether the false statement would 'frustrate a consumer's ability to intelligently choose his or her response.' " *Id.*

4

at 86 (citations omitted). Plaintiff's sole opposition regarding materiality argues that the Notice was sent directly to Plaintiff and not to Plaintiff's attorney. This argument misses the point.

Plaintiff's opposition papers ignore (and do not dispute) that he had full knowledge that his debt was allegedly "unenforceable" prior to receiving the 2019 default notice and the filing of the 2019 Foreclosure Action, thus, could not be "deceived" by them. Specifically, Plaintiff transferred his interest in the Mortgaged Premises to 85 Surrey Drive LLC. He then retained counsel who, approximately eight months *prior to* Plaintiff's receipt of the 2019 default notice and filing of the 2019 Foreclosure Action, commenced an action to discharge the Kupferstein Loan alleging the Kupferstein Loan is time-barred. As such, even assuming, *arguendo*, that the 2019 default notice or the 2019 Foreclosure Action made a misrepresentation regarding the enforceability of the mortgage loan because the statute of limitations had expired (it did not), such a misrepresentation could not be material. Plaintiff has been represented by counsel, who has been actively litigating the statute of limitations issue long before Plaintiff's receipt of the 2019 default notice and commencement of the 2019 Foreclosure Action. As such, the Plaintiff's 1692e claim should be dismissed.

## POINT II

## PLAINTIFF FAILED TO STATE A CLAIM BASED UNDER § 1692g

Plaintiff does not dispute that he received the 2013 Notice of Default, that the notice pre-dates (by six years) the 2019 Notice of Default, and that it contained the 1692g disclosures.[2] Therefore, it is clear that the 2019 Notice of Default cannot be an "initial communication." As such, Plaintiff failed to state a claim under 1692g given that the 1692g disclosures are only

---

[2] Plaintiff's objections to introduction of the 2013 Notice of Default are not based on the document and statements themselves, but on the availability of other documents prior to the letter. Therefore, Plaintiff's arguments should be rejected as they do not go to admissibility under FRE § 201(b). It is clear that this Court may consider the publicly-filed records that Plaintiff himself filed. (*See* Rivera Moving Declaration in Support, Exh. 4).

5

required in an "initial communication." *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 212 (2d Cir. 2017). There is no need to repeat § 1692g disclosures in subsequent communications. *See Hayles v. Aspen Props. Grp.,* LLC, 2017 U.S. Dist. LEXIS 133388 (SDNY 2017) ("If the November 2015 Letter was Waldman's initial communication with Hayles, then it follows that subsequent communications from Waldman were not 'initial communications' and 1692g(a) does not apply.") Plaintiff's § 1692g claim is therefore, meritless and the Second Amended Complaint should be dismissed *with prejudice*.

## CONCLUSION

Based on the foregoing, Defendants DBNTC & PHH respectfully requests that the Court grant Defendants DBNTC's & PHH's Motion to Dismiss in its entirety, dismiss Plaintiff's Second Amended Complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        September 13, 2019

                                        HINSHAW & CULBERTSON LLP
                                        *Attorneys for Defendants*
                                        *DBNTC & PHH*


                                        By: */s/ Fernando C. Rivera-Maissonet*
                                            Fernando C. Rivera-Maissonet
                                            Schuyler B. Kraus
                                        800 Third Avenue, 13th Floor
                                        New York, New York 10022
                                        Tel: (212) 471-6200
                                        Fax: (212) 935-1166

6